

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEAN B. SIMMONS, | ) | Case No. 17-26145-DER |
| | ) | (Chapter 7) |
| Debtors. | ) | |
| _____ | ) | |

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION
### TO DIRECT PAYMENT TO DEBTOR'S COUNSEL

Now before the court for consideration is the Motion to Have Chapter 13 Trustee Disburse Counsel Fees Directly to Counsel From Funds Paid by Debtor [Docket No. 36] (the "Motion to Direct Payment") filed by J. Michael Broumas. Notice thereof was duly given and no opposition was timely filed. This case was converted to one under Chapter 7 prior to confirmation of a Chapter 13 plan, as a result of which the Chapter 13 trustee is holding in escrow undistributed pre-confirmation plan payments made by the debtor.[1] After due deliberation, the court has determined that the fee requested by the debtor's attorney[2] is reasonable given the circumstances and outcome of this case and that it should be allowed as an administrative expense pursuant to 11 U.S.C. §§ 330(a)(4)(B), 503(b).

---

[1] Although the motion papers do not indicate the amount (if any) currently held in escrow by the Chapter 13 trustee, the court assumes for purposes of this order that the Chapter 13 trustee holds some pre-confirmation plan payments.

[2] The motion papers do not indicate the amount the debtor's attorney seeks to be paid. The court assumes for purposes of this order that the fee in question is $4,500.00 and the requested direct payment is the unpaid balance of $3,490.00 reflected on the Disclosure of Compensation filed by the debtor's attorney on December 1, 2017 [Docket No. 4]. That fee is a presumptively reasonable one under Paragraph 4(B) of Appendix F of the Local Rules of the United States Bankruptcy Court for the District of Maryland.

The Motion to Direct Payment should be granted and the balance of the allowed fee should be paid directly by the Chapter 13 trustee for the reasons stated in *In re Brandon*, 537 B.R. 231 (Bankr. D. Md. 2015).[3]  The court is aware that after *Brandon* was decided the majority of courts have reached a different conclusion with respect to cases (like this one) converted to Chapter 7 **before confirmation** of a Chapter 13 plan.  *See*, *e.g.*, *In re Brown*, 2019 W.L. 122832 (Bankr. D.D.C. Jan. 5, 2019) (relying on *Harris v. Viegelahn*, 135 S.Ct. 1829 (2015)) and *In re Ivey*, 568 B.R. 85, 90-93 (Bankr. E.D. AR 2017) (discussing split in decisions).

The Supreme Court's decision in *Harris v. Viegelahn*, however, dealt with a case converted to Chapter 7 **after confirmation** of a Chapter 13 plan.  Under such circumstances, the Supreme Court held that § 348(f) held sway over the second sentence of § 1326(a)(2).  I disagree with the views expressed in decisions like *Brown*—in my view, cases involving pre-confirmation conversions are distinguishable because the third sentence of § 1326(a)(2) applies.  In these cases Congress adopted a specific statute concerning distribution of funds by a Chapter 13 trustee in the event a plan is not confirmed.[4]  While the second sentence of § 1326(a)(2) is applicable in a situation outside of dismissal or conversion (where a plan is successful), the third sentence is not—it can *only* apply to cases that have been dismissed or converted.  The majority view would hold that this entire sentence should just ignored as superfluous.  That being the case, *Harris v. Viegelahn* has no application here.  Other courts share this view.  *See*, *e.g.*, *In re Hayden*, 2018

---

[3] Neither the Motion nor the Disclosure of Compensation filed by the debtor's attorney [Docket No. 4] refers to an assignment to her attorney by the debtor of her right to payment by the trustee.  Such an assignment would be a basis independent of the third sentence of § 1326(a)(2) for granting the Motion.  *Brandon*, 537 B.R. at 237-38.  Because the motion and disclosure are silent, the court assumes for purposes of this order that the debtor did not make such an assignment in this case.

[4]  That statute provides, "***If a plan is not confirmed***, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, ***after deducting any unpaid claim allowed under section 503(b)***."  11 U.S.C. § 1326(a)(2) (emphasis added).  The administrative expenses allowable under § 503(b) include "compensation and reimbursement awarded under section 330(a)."  11 U.S.C. § 503(b)(2).  The compensation covered by § 330(a) expressly includes the Chapter 13 attorney's fee sought here—namely, "reasonable compensation awarded to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case."  11 U.S.C. § 330(a)(4)(B).

W.L. 3157020 (Bankr. D. Ariz. June 25, 2018).  The court's research has not uncovered any reported opinion issued by either the Supreme Court or the Fourth Circuit after *Harris v. Viegelahn* that considers this issue in the context of a case converted to Chapter 7 **before confirmation** of a Chapter 13 plan.  Thus, entry of an order directing the Chapter 13 trustee to make direct payment to the debtor's attorney from funds held in escrow is proper in this case.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the total fee in the amount of $4,500.00 requested by J. MICHAEL BROUMAS is reasonable and should be, and it hereby is, ALLOWED as an administrative expense claim pursuant to 11 U.S.C. §§ 330(a)(4)(B), 503(b); and it is further,

ORDERED, that $1,010.00 having been paid to counsel prior to filing this case, the Chapter 13 trustee should be, and he hereby is, DIRECTED to pay any undistributed pre-confirmation plan payments held in escrow by him (after payment of his fees and expenses) directly to JEFFREY M. SIRODY up to the $3,490.00 remaining balance of his allowed fee; and it is further,

ORDERED, that the Chapter 13 trustee should be, and he hereby is, DIRECTED to pay to the DEBTOR any pre-confirmation plan payments that remain in his possession after the payment made directly to J. Michael Broumas in accordance with this order.

cc:   Debtor – Jean B. Simmons
      Debtor's Counsel – J. Michael Broumas, Esq.
      Chapter 13 Trustee – Robert S. Thomas, II
      Chapter 7 Trustee – Mark J. Friedman

**~ End of Order ~**